UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY SCOTT BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00071-SRC |
| | ) | |
| AARON WILSON, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

### Memorandum and Order

This matter comes before the Court on Rodney Scott Brown's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 1. Having reviewed Brown's filings, the Court finds that the *Younger* doctrine precludes the Court from interfering with the state criminal prosecution of Brown. Additionally, Brown has failed to exhaust his available state-court remedies. The Court therefore dismisses Brown's Petition.

**I.    Background**

Brown is a self-represented litigant who is currently incarcerated at the Randolph County Jail in Huntsville, Missouri, where he is a pretrial detainee. Doc. 1 at p. 1. He faces two separate criminal cases. First, a criminal complaint was filed on May 27, 2022, charging Brown with one count of tampering with a judicial officer, and one count of first-degree harassment. *State of Missouri v. Brown*, No. 22MA-CR00192 (41st Jud. Cir. 2022) (Macon County).[1] The charges stem from an incident in which Brown allegedly threatened a judge by telling the judge "he

---

[1] The Court reviewed Brown's underlying state court cases on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

would be met at the courthouse door with a bullet to his forehead." Following a preliminary hearing on July 29, 2022, the case was bound over for arraignment. The case is currently scheduled for a pretrial conference and trial setting on February 3, 2023. *State of Missouri v. Brown*, No. 22MA-CR00192-01 (41st Jud. Cir. 2022) (Macon County).

Second, a separate criminal complaint was filed against Brown on May 27, 2022, which also charged him with tampering with a judicial officer and first-degree harassment. *State of Missouri v. Brown*, No. 22SB-CR00095 (41st Jud. Cir. 2022) (Shelby County). As in his other case, the charges stem from an alleged threat towards a judge, in which Brown told the judge: "I am coming for you." Following a preliminary hearing on July 29, 2022, the case was bound over for arraignment, along with Brown's other criminal case. The case is currently pending, with the last docket entry indicating that the case would also be heard in Macon County on February 3, 2023. *State of Missouri v. Brown*, No. 22SB-CR00095-01 (41st Jud. Cir. Jan. 25, 2023) (Shelby County).

On September 8, 2022, Brown filed this action in the United States District Court for the Western District of Missouri by placing it in his institution's mailing system. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc) ("[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court."), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008). Because Brown's underlying criminal cases are in the Eastern District, and because Brown is currently confined within the Eastern District, the Western District transferred the matter to the United States District Court for the Eastern District of Missouri on September 23, 2022. Doc. 2.

## II.     The Petition

Brown filed his Petition on a Court-provided 28 U.S.C. § 2241 form. Doc. 1. In the Petition, Brown states that he is challenging his pretrial detention in *State of Missouri v. Brown*, No. 22MA-CR00192-01 (41st Jud. Cir. 2022) (Macon County) and *State of Missouri v. Brown*, No. 22SB-CR00095-01 (41st Jud. Cir. 2022) (Shelby County). *Id.* at pp. 1–2. In the exhaustion section of the Court form, Brown alleges that he sought a state remedy in Macon County and Shelby County. Doc. 1 at p. 2. Where asked to provide specifics, however, Brown simply refers to his two criminal cases, and gives the date of May 27, 2022. *Id.* This is the date upon which Brown's criminal complaints were filed. Review of the state court dockets on May 27, 2022 provides no indication that Brown filed an appeal, filed a grievance, or sought an administrative remedy on that date. Brown also acknowledges that he did not file an appeal to a higher agency or court. *Id.*

The Petition presents three grounds for relief. In ground one, Brown states: "Denial of right to due process under Amendment V of the Constitution for the United States." *Id.* at p. 6. In support, Brown states that he "has clearly requested an Article III hearing to address all charges in both cases" and that the court has denied the request. *Id.* Brown claims to have presented this ground in all available appeals. *Id.*

In ground two, Brown asserts that he was denied the "right to have assistance of counsel under Amendment VI of the Constitution for the United States." *Id.* In support of this ground, he explains that he "has clearly appointed counsel in pre-trial proceedings, though [he] has not retained an attorney." Brown also claims to have appealed this ground. *Id.*

Finally, in ground three, Brown states: "Denial of bond." *Id.* By way of supporting facts, Brown notes that he has been in custody since his arrest on May 27, 2022, and has been

3

denied bond. *Id.* He further indicates that he has appealed this decision. *Id.* As to relief, Brown seeks immediate release from custody so that he can "prepare an adequate defense against all charges." *Id.* at p. 7. He also requests "an Article III proceeding in Federal Court" and asks the Court to "[p]rovide [him] his Right to due process" and "[p]reserve [his] Right to Counsel." *Id.*

**III.     Demand for Discharge of Debts**

On November 22, 2022, the Court received a document titled "Demand for Discharge [of] Debts, HJR-192 Public Law 73-10," authored by an individual named Bonnie Straight, who claims to be acting as a fiduciary for Brown. Doc. 4 at p. 1. In the document, Ms. Straight asserts that a "false claim" has been "filed in commerce against the trust and Rodney Scott Brown's living body," and that the Macon County Sheriff is holding Brown "as surety [for] a debt." *Id.* She further alleges that Brown has been "kidnapped," "denied bail," and "tortured in a racketeering scheme to gain securities through fraud in violation of [18 U.S.C. § 1348]." *Id.* at p. 3.

Ms. Straight purports to "serve as counsel in law, and fiduciary" for Brown. *Id.* She demands his release, and has attached a ".90 silver coin as full payment for discharging all debts." *Id.* Ms. Straight enclosed instructions regarding the silver coin, asking the Court to forward it to the Court's "bank headquarters corporate legal department," apparently under the assumption that producing this coin means that Brown's criminal charges are "paid in full/Discharged and dissolved." *Id.* at p. 5.

**IV.     Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

4

notify the petitioner." Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Based on a review of Brown's Petition under Rule 4, the Court concludes that it "plainly appears" Brown is not entitled to relief. The Court will not intervene in ongoing state-court prosecutions where Brown has not demonstrated that any great and immediate injury will result otherwise. In addition, Brown has adequate state-court remedies that he has not exhausted.

      A.      **The Court must abstain from granting Brown's requested relief.**

Brown asks the Court to "[p]reserve [his] Right to Counsel" and to "release [him] to prepare an adequate defense against all charges." Doc. 1 at p. 7. He also requests an "Article III hearing to address all charges." *Id.* The Court cannot provide this relief. First, state-court records show that Brown has repeatedly indicated that he does not want an attorney, and intends on representing himself at trial, which is scheduled for February 3, 2023. *See, e.g.*, *State of Missouri v. Brown*, No. 22MA-CR00192-01 (41st Jud. Cir. Dec. 19, 2022) (pretrial conference); *State of Missouri v. Brown*, No. 22SB-CR00095-01 (41st Jud. Cir. Aug. 9, 2022) (arraignment hearing). If Brown wishes to have an attorney, he has the right to representation through the Missouri public defender's office, and can seek that relief in state court.

Second, to the extent Brown asks the Court to dismiss, enjoin, or otherwise intervene in his ongoing state judicial proceedings, the abstention doctrine set forth in *Younger v. Harris* precludes the relief. 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when an ongoing state judicial proceeding exists that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). The doctrine applies to claims for both injunctive and

5

declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to such proceedings should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010).

Exceptions to *Younger* exist in special circumstances, such as where a "person about to be prosecuted in a state court can show that he will, if the proceedings in the state court is not enjoined, suffer irreparable damages." *Younger*, 401 U.S. at 43 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Further, the irreparable injury must be both "great and immediate," and the threat of "defense against a single criminal prosecution" is not enough. *Id.* at 45–46.

Here, the only threat against Brown is defending against state criminal prosecution. Brown's claims regarding his right to counsel and denial of bond can and should be raised in state court. The Court finds that Brown will not suffer any great and immediate injury if his state cases proceed, but only an injury "incidental to every criminal proceeding brought lawfully and in good faith." *Younger*, 401 U.S. at 49 (internal citation omitted). No special circumstances exist to justify the Court's intervening in Brown's ongoing state court matters. In short, "[t]he Court is not the Justice League. It cannot swoop in and address wrongs, real or perceived, wherever they appear." *Martin v. Coca Cola Consol., Inc.*, No. 1:20-cv-323-HAB, 2020 WL 5548690, at *2 (N.D. Ind. Sept. 16, 2020); *see also Brummell v. Clemons-Abdullah*, No. 4:21-cv-01474-SRC, 2022 WL 1091137, at *3 (E.D. Mo. Apr. 12, 2022); *Long v. Clemons-Abdullah*, 4:21-cv-01395-SRC, 2022 WL 950862, at *5 (E.D. Mo. Mar. 30, 2022); *Wright v. United States*, 2:21-cv-01152-NR, at *4 (W.D. Pa. Jan. 6, 2022); *Lindsay v. State of Colorado*, No. 8:21-cv-00468, at *6 (D. Neb. Dec. 16, 2021).

### B.     Brown has not exhausted his state court remedies.

Although the language of § 2241 does not contain an exhaustion requirement, "a petitioner seeking relief from state custody by means of a federal writ of habeas corpus is ordinarily required to exhaust his state remedies." *Sacco v. Falke*, 649 F.2d 634, 635–36 (8th Cir. 1981) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)); *see also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases and stating that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner"). Courts do not ordinarily consider state remedies exhausted if an individual may effectively present his claim in state court by any currently available and adequate procedure.

Further, a prisoner can only avoid the exhaustion requirement if he can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court," but finding petitioner had exhausted his available remedies); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Here, despite Brown's assertions that he has appealed each of the grounds in his Petition, review of his criminal cases indicate that he has not exhausted his state remedies before filing this Petition, or that his grounds implicate issues that can be resolved only after trial. With regard to the alleged denial of his bond, the State of Missouri allows a detained person to have

7

his "detention or conditions of release reviewed at a hearing by the court . . . ." Mo. Sup. Ct. R. 33.05. Additionally, "if the defendant or the state allege the court unlawfully detained the defendant, failed to detain the defendant, or set inadequate or excessive conditions of release, the defendant or the state may seek remedial writ relief in a higher court pursuant to Rule 84.24." Mo. Sup. Ct. R. 33.09.

Review of Brown's state cases reveals that he has failed to follow these procedures. On June 1, 2022, the circuit court held a bond hearing which Brown refused to attend. Specifically, the court noted that Brown "stated the jail would have to physically bring him with shackles around his neck." The court rescheduled the bond hearing for June 13, 2022, at which point bond was denied due to the safety of the alleged victims. On the circuit court's own motion, bond was reviewed on June 27, 2022. At that hearing, the court found by clear and convincing evidence that bond conditions should not be changed. During this hearing, the circuit court noted that Brown continually interrupted the proceedings and refused to answer questions. There is no evidence that Brown filed a remedial writ pursuant to the Missouri Supreme Court Rules. Thus, he has not exhausted this claim by availing himself of the state's remedies.

As to Brown's claims of a denial of due process and denial of assistance of counsel, there is also nothing to indicate that Brown exhausted these issues in state court before bringing them here. Indeed, as Brown has not yet been convicted, his due-process and denial-of-assistance-of-counsel claims likely cannot be exhausted until there is a final judgment. *See Sacco*, 649 F.2d at 635–36 (citing *Ex Parte Royall*, 117 U.S. 241); *see also Wagner v. Glass*, No. 13-CV-00812, 2013 WL 3851278, at *1 (E.D. Mo. July 24, 2013) ("In most cases, courts will not consider [28 U.S.C. § 2241] claims that can be raised at trial and in a subsequent state proceeding" (quoting *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999))).

8

The best the Court can tell, the only effort Brown has made to present his claims to the state court is a document he filed in both of his criminal cases, titled "Demand for Dismissal, Challenge to Standing and Jurisdiction." In this document, Brown argues that he has "been denied reasonable bail," and that his right to counsel has been infringed because the court would not let Ms. Straight—who does not appear to be a licensed attorney—act as his counsel. The theory underlying this document is that Brown is a sovereign citizen, a discredited legal theory that insists that each American is split between a flesh-and-blood person, and a corporate entity. For instance, at the outset, Brown claims that he has "corrected his status per [8 U.S.C. § 1101]," that he has "repudiated U.S. Corporate Citizenship status," and that he has "no contracts" with the State of Missouri or Macon County, which he describes as "for profit corporations under the mother corporation named the United States." In *State of Missouri v. Brown*, No. 22MA-CR00192-01 (41st Jud. Cir. 2022) (Macon County), the circuit court denied Brown's demand for dismissal as meritless. The demand remains pending in *State of Missouri v. Brown*, No. 22SB-CR00095-01 (41st Jud. Cir. 2022) (Shelby County).

Brown's state-court filing is frivolous. "Sovereign citizens are a loosely-affiliated group who believe government in the United States operates illegitimately and outside the bounds of its jurisdiction." *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019); *see also United States v. Barraza*, 982 F.3d 1106, 1113 n.3 (8th Cir. 2020). Courts have rejected such jurisdictional arguments. *See, e.g.*, *United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous); *United States v. Hardin*, 489 F. App'x 984, 985 (8th Cir. 2012) (rejecting as meritless appellant's challenges to the district court's jurisdiction based on his status as a sovereign citizen); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (stating that appellant's assertion that federal courts "have no

9

civil jurisdiction over a sovereign citizen" was frivolous).  In sum, the arguments of sovereign citizens "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussions." *See United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992).  To the extent that Brown's state-court filing exhausted state remedies for purposes of 28 U.S.C. § 2241, the Court finds the argument frivolous.

For these reasons, the Court determines that the issues raised in the Petition may be resolved either by trial on the merits in state court or by other state procedures available to Brown, and that Brown has not exhausted such procedures.  The Petition can therefore only proceed if "special circumstances" exist.

### C.    No special circumstances exist to excuse the exhaustion requirement.

A pretrial detainee can only bring a habeas claim in federal court without exhausting state remedies if he can demonstrate the existence of special circumstances.  *See Braden*, 410 U.S. at 489 ("[F]ederal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court."); *Neville*, 611 F.2d at 675 (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").  Generally, courts have only found the existence of special circumstances where a speedy trial claim was raised, or where double jeopardy was at issue.  *See Curtis v. Missouri*, No. 4:19-CV-1208-SNLJ, 2019 WL 5558224, at *1 (E.D. Mo. Oct. 28, 2019) (citing *Braden*, 410 U.S. at 488 (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy)); *Wagner*, 2013 WL 3851278, at *1 (citations omitted).

In this case, Brown's grounds for relief do not constitute the "special circumstances" that would allow him to avoid the requirement that he first exhaust his state remedies before seeking

relief in federal court. More particularly, Brown's claims do not implicate the Double Jeopardy Clause or his speedy trial rights. He must therefore present his grounds for relief in state court before pursuing a petition for writ of habeas corpus in federal court.

### D. Brown's Demand for Discharge of Debts

As mentioned, an individual purporting to act on Brown's behalf filed a document seeking Brown's release, and tendered a coin in discharge of Brown's debts. There is no indication that Ms. Straight, the author of this document, is a licensed attorney. Based on review of the filings in Brown's criminal cases, and the Court's own review of the Missouri Bar Association's official directory of lawyers, it appears that she is not. Because she is not an attorney, Ms. Straight cannot file documents on Brown's behalf. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney . . . may not engage in the practice of law on behalf of others"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause. A person must be litigating an interest personal to him." (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1976)); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

Regardless of Ms. Straight's status as an attorney, the Court further notes that the proffered demand is frivolous and not based on any viable legal theory. To that end, it presents no support for the proposition that Brown is entitled to release under 28 U.S.C. § 2241.

11

### E. Certificate of Appealability

Even though Brown sought relief under 28 U.S.C. § 2241, "as a state prisoner he is subject to the provisions governing 28 U.S.C. § 2254," and "must obtain a certificate of appealability." *Carmona v. Minnesota*, 23 F. App'x 629, 630 (8th Cir. 2002). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

In order to issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Because Brown has not made such a showing, the Court does not issue a certificate of appealability.

### V. Conclusion

Brown has not shown special circumstances exist to justify the Court's intervention into ongoing state judicial proceedings that implicate important state interests and afford an adequate opportunity to raise the federal questions presented here. Similarly, Brown has not shown that special circumstances exist to justify his failure to exhaust state remedies before bringing his claims to federal court.

As it plainly appears that Brown is not entitled to relief, the Court dismisses without prejudice Brown's [1] Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. A separate Order of Dismissal accompanies this Memorandum and Order. The Court does not issue a certificate of appealability.

So Ordered this 27th day of January 2023.

                                                   _____
                                                   STEPHEN R. CLARK
                                                   CHIEF UNITED STATES DISTRICT JUDGE